UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL ILLINOIS TRUCKS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J & R SCHUGEL TRUCKING, INC., ) <br> ) <br> ) <br> Defendant. ) | Case No. 05-1175 |

# **O R D E R**

This case is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint. For the following reasons, that Motion [#3] is DENIED.

## **JURISDICTION**

Plaintiff Central Illinois Trucks, Inc. ("CIT") is Illinois corporation with its principle place of business in Illinois. Defendant J & R Schugel Trucking, Inc. ("J&R") is a Minnesota corporation with its principal place of business in Minnesota. CIT's claim for relief exceeds $75,000. Accordingly, jurisdiction is appropriate under 28 U.S.C. § 1332.

Diversity cases require application of federal procedural law, but state substantive law. Erie RR Co. v. Tomkins, 304 U.S. 64 78 (1938); Bourke v. Dun & Bradstreet Corp., 159 F.3d 1032, 1036 (7th Cir. 1998). Rules of contract law are treated as substantive, Bourke at 1036, and therefore state law governs principles of contract interpretation in this case. There is no dispute that the applicable state law in this case is the law of Illinois.

## **BACKGROUND**

The following facts are derived from the Complaint. CIT provides trucking sales, parts, and service throughout Illinois, and J&R is a common carrier that operates a fleet of

trucks out of Minnesota. In February 2003, CIT and J&R entered into a three-year lease agreement where CIT was to rent a building from J&R which CIT would use to perform service work and repairs on J&R's fleet. In order to induce CIT to enter into the lease, J&R promised CIT that it would use CIT's parts, sales, and services at a rate of not less than $40,000 a month during the lease term. Further, Plaintiff agreed to a reduced hourly service rate of $48.00. Although these last two items were not a part of the written lease, CIT claims they were part of the agreement between CIT and J&R, and that CIT was induced to agree to the lease because of J&R's promise in this regard. Sometime during the lease term, J&R ceased using CIT's services except for occasional and insignificant business.

In May 2005, CIT sued J&R in Illinois state court, alleging that J&R was not using $40,000 a month worth of services as promised. J&R removed the case to this court and filed the Motion to Dismiss now at issue. J&R claims that, because the alleged promise that CIT is complaining about was not reduced to writing, CIT's claim is barred by the statute of frauds. The matter is fully briefed, and this Order follows.

## DISCUSSION

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the nonmoving party. <u>Bontkowski v. First Nat. Bank of Cicero</u>, 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). This court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the plaintiff to relief. <u>Chaney v. Suburban Bus Div.</u>, 52 F.3d 623, 627 (7th Cir. 1995); <u>Venture Associates Corp. v. Zenith Data Systems Corp.</u>, 987 F.2d 429, 432 (7th Cir. 1993).

Illinois' version of the statute of frauds states in relevant part that

> [n]o action shall be brought ... to charge any person ... upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.

740 ILCS 80/1.

Because J&R's alleged promise to use $40,000 per month of CIT's services for three years cannot be completed within one year, J&R claims that CIT's claim is barred. While the court agrees that, all other things being equal, that would be the case, according to the allegations of the Complaint, J&R may be barred from raising the statute of frauds defense by the doctrine of equitable estoppel.

The doctrine of equitable estoppel requires six elements, as set forth below:

> First, there must be words or conduct by the party against whom the estoppel is alleged amounting to a misrepresentation or concealment of material facts. Second, the party against whom the estoppel is alleged must have had knowledge at the time the representations were made that the representations were untrue. ... Third, the truth respecting the representations so made must be unknown to the party claiming the benefit of the estoppel at the time that the representations were made and at the time that they were acted on by him. Fourth, the party estopped must intend or reasonably expect that his conduct or representations will be acted upon by the party asserting the estoppel or the public generally; the conduct and representations must be such as would ordinarily lead to the results complained of. Fifth, the party claiming the benefit of the estoppel must have in good faith relied upon the misrepresentation to his detriment .... The sixth requirement is that the party claiming the benefit of the estoppel must have so acted, because of such representations or conduct, that he would be prejudiced if the first party is permitted to deny the truth thereof.

Vaughn v. Speaker, 553 N.E.2d 885 (Ill. 1988) (citations omitted).

Though CIT does not specifically mention this doctrine by name as a defense to the statute of frauds in either their Complaint or their Response to J&R's Motion to Dismiss, it is effectively what has been asserted and is consistent with the allegations of the Plaintiff's Complaint. For example, CIT alleges that

> to induce Plaintiff to enter the lease, the Defendant represented, promised and assured the Plaintiff, and agreed with the Plaintiff, to utilize the Plaintiff's parts, sales, and services at the rate of not less than $40,000 per month during the lease term .... [And b]ut for the promise, assurances and agreement of the Defendant to acquire and purchase no less than $40,000.00 of parts and services each month during the term of the lease, the Plaintiff would not have entered into the lease nor expended any monies in adapting the leased premises to the Plaintiff's use.

Though CIT does not specifically allege each and every element of equitable estoppel, looking for a label while ignoring the actual language of the Complaint would elevate form over substance. With this in mind, the court cannot find that there is no set of facts consistent with the Complaint under which the Plaintiff would be entitled to relief. This is all that is required to defeat a motion to dismiss. Chaney, 52 F.3d at 627 (7th Cir. 1995). Accordingly, J&R's Motion to Dismiss must be denied.

Finally, the court notes that CIT erred in taking the position in its brief that, because its claim rests on promissory estoppel, compliance with the statute of frauds was not required. That contention is incorrect. "There is a difference between equitable estoppel, which is an exception to the statute of frauds, and promissory estoppel, which is not. If promissory estoppel were an exception to the statute of frauds, contracts could be implied and the statute of frauds easily avoided." Dickens v. Quincy College Corp., 615 N.E.2d 381,

386 (Ill. App. Ct. 3d Dist. 1993). Contrary to the assertions in CIT's brief, the doctrine of promissory estoppel may not be used to allow recovery where the statute of frauds bars a contract claim under Illinois law. World Championship Wrestling, Inc. v. GJS Intern., Inc., 13 F.Supp.2d 725 (N.D. Ill. 1998); Dickens, 615 N.E.2d at 386; Libby-Broadway Drive-In, Inc. v. McDonald's System, Inc., 391 N.E.2d 1, 4 (Ill. App. 3d Dist. 1979). Of course, if CIT succeeds in proving that J&R should be estopped from raising the statute of frauds, CIT can pursue relief in contract or under the theory of promissory estoppel.

## CONCLUSION

For the above reasons, J&R's Motion to Dismiss [#3] is DENIED. J&R is ordered to answer CIT's Complaint within 21 days of the entry of this Order.

ENTERED this 30th day of August, 2005

                                                                _____/s Michael M. Mihm_____
                                                                     Michael M. Mihm
                                                             United States District Judge